## CIRCUIT COURT OF THE CITY OF RICHMOND

Thelma L. Lane

v.

Louise L. Williams

### March 17, 1987

### Case No. LK-2670-3

By JUDGE T. J. MARKOW

This matter is before the court for decision on the demurrer.

Plaintiff alleges that she was a tenant in an apartment building owned by the defendant. She claims that she was injured in an assault by another tenant. Plaintiff claims that defendant knew or should have known of the unreasonable risk of harm presented by the other tenant and that the defendant should have taken reasonable steps to protect other tenants from this person. Failure to take such steps is alleged to constitute a breach of the landlord's warranty of habitability and negligence.

Defendant demurs, asserting that a landlord has no duty to protect a tenant from the criminal conduct of third persons, citing in support *Gulf Reston, Inc. v. Rogers*, 215 Va. 155 (1974). Based on *Gulf Reston*, the demurrer should be overruled.

In *Gulf Reston, supra*, the Supreme Court held that in the absence of a "special relationship," a landlord is generally not liable to a tenant for criminal acts of unknown third parties. 215 Va. 155 at 159. In this case the status of landlord does not of itself impose a duty on the defendant to take reasonable steps to protect the plaintiff from the criminal conduct of other tenants. However, plaintiff claims that the defendant landlord knew or should have known of the tenant's dangerous propen-

sities, that she could foresee violent conduct, and in spite of that, the landlord did nothing. The landlord's freedom from liability in *Gulf Reston* is based upon the lack of any "special relationship," upon the inability of that landlord to foresee injury to the tenant from criminal conduct of unknown third parties. Here plaintiff alleges a known third party and foreseeable criminal activity which could result in injury to the plaintiff.

What constitutes that "special relationship," which was absent in *Gulf Reston*, arises from the foreseeability of the risk of harm to the tenant. The court distinguished *Hines v. Garrett*, 131 Va. 125 (1921), and *Weering v. Illinois Central R. Co.*, 383 Ill. 366, 50 N.E.2d 497 (1943), which had been cited by the plaintiff in *Gulf Reston, Inc.* in support of his case. The distinction made by the court between each of these cases and *Gulf Reston* was the foreseeability of criminal conduct in *Hines* and *Weering* and the lack of foreseeability in *Gulf Reston*. If the landlord in *Gulf Reston* could have foreseen the risk of harm to the plaintiff-tenant, then there would have been that "special relationship" which would have imposed upon the landlord the duty to use due care to protect the tenant from harm.

Plaintiff has alleged that the defendant could have foreseen the criminal conduct here and failed to take reasonable steps to protect her from it. That is enough to allow her to attempt to prove the "special relationship" which could impose a duty of due care. Consequently, the demurrer will be overruled.